# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PETERSON,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:06-CV-01062 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT, DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT, AND ALLOWING PLAINTIFF THIRTY DAYS TO FILE AMENDED COMPLAINT AS A MATTER OF RIGHT<br><br>(Docs. 1 and 11)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND COMPLAINT FORM TO PLAINTIFF, SCAN PROPOSED SUPPLEMENTAL COMPLAINT LODGED ON OCTOBER 16, 2006, AND RETURN ORIGINAL TO PLAINTIFF<br><br>(Doc. 12) |

I. Order

　　A.　Screening of Plaintiff's Complaint

　　　　1.　Screening Requirement

　　Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 14, 2006, against Correctional Officer Peterson for allegedly violating his rights under the Eighth and Fourteenth Amendments of the United States Constitution. The incident giving rise to plaintiff's claims allegedly occurred at the California Substance Abuse and Treatment Facility and State Prison in Corcoran. Plaintiff is seeking compensatory and punitive damages.

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

///

2. <u>Plaintiff's Claims</u>

a. <u>Eighth Amendment Claim</u>

Plaintiff's claims against defendant Peterson arise from defendant's decision to confine plaintiff to his quarters on May 30, 2005, for failing to report to work, thereby depriving plaintiff of his ability to participate in day room privileges. Plaintiff was subsequently found not guilty of the charge of failing to report to work. Plaintiff alleges that defendant Peterson violated his rights under the Eighth Amendment by punishing him prior to conviction at a disciplinary hearing, and of falsely imprisoning him in his cell.[1]

To state a claim under section 1983, a plaintiff must plead (1) that the defendant acted under color of state law and (2) that the defendant deprived him of rights secured by the Constitution or federal statutes. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id</u>.; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). Second, the prison official

---

[1] Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" <u>Martinez v. City of Los Angeles</u>, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting <u>Asgari v. City of Los Angeles</u>, 15 Cal.4th 744, 757 (1997)). "There are two bases for claiming false imprisonment: imprisonment pursuant to a false arrest and unreasonable delay in bringing the arrested person before a judicial officer." <u>Estate of Brooks v. United States</u>, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff is a convicted prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff's confinement to his cell does not give rise to a false imprisonment claim under California law. Although plaintiff does not allege a separate tort claim, because plaintiff uses the phrase "false imprisonment" more than once, the court deems it necessary to clarify that plaintiff may not pursue a tort claim on that basis.

1  must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S.
2  at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane
3  conditions of confinement only if he knows that inmates face a substantial risk of harm and
4  disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.

5  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual
6  Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8
7  (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive
8  to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme
9  deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."
10 Id. at 9 (citation omitted). "Because routine discomfort is part of the penalty that criminal offenders
11 pay for their offenses against society, only those deprivations denying the minimal civilized measure
12 of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id.
13 (quotations and citations omitted).

14 In this instance, plaintiff was charged with failing to report to work and confined to his cell,
15 which caused him to be unable to participate in day room activities. Plaintiff's claim that his rights
16 under the Eighth Amendment were violated by this event is frivolous. Plaintiff is a convicted
17 prisoner. The confinement to his cell and his inability to participate in privileges he would ordinarily
18 be able to participate in is not an extreme deprivation that denies plaintiff "the minimal civilized
19 measure of life necessities . . . ." Id. Plaintiff's Eighth Amendment claim fails as a matter of law.

          b.      Equal Protection Claim

21 Plaintiff was in the A1A privilege group, and alleges he should have been allowed to
22 participate in day room activities with the rest of the group. Plaintiff alleges that because other
23 inmates who were not on "C status" were allowed day room privileges, he was discriminated against
24 in violation of the Equal Protection Clause.[2]

25 Equal protection claims arise when a charge is made that similarly situated individuals are
26 treated differently without a rational relationship to a legitimate state purpose. See San Antonio

---

[2] "C status" inmates have broken prison rules and are being punished, and may be confined to quarters during day room time. (Comp., Court Record pg. 6, lns. 12-14.)

4

School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194.

Plaintiff's allegations and exhibits establish that defendant Peterson confined him to quarters because he was charged with failing to report to work. It is irrelevant that plaintiff disputes that he failed to report to work or that he was ultimately found guilty. The facts as alleged do not support a claim that plaintiff was intentionally discriminated against by defendant Peterson. Plaintiff's equal protection claim fails as a matter of law.

           c.  Due Process Claim

Plaintiff alleges that he was punished by defendant Peterson without fair procedures, in violation of his right to due process. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Plaintiff does not have a liberty interest in avoiding confinement to quarters, as the deprivation complained of does not rise to the level of atypical and significant hardship. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and

5

administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of procedural due process. Accordingly, plaintiff's due process claim fails as a matter of law.

### 3. Conclusion

Plaintiff's complaint does not state any claims upon which relief may be granted under section 1983. Ordinarily, the court would recommend dismissal of this action with prejudice at this juncture, as plaintiff's claims fail as a matter of law and are not amenable to good faith amendment. However, as discussed in the following subsection, plaintiff filed a motion seeking leave to supplement his complaint on October 16, 2006. Because plaintiff is entitled to amend once as a matter of right under Rule 15(a), the court will allow plaintiff the opportunity to exercise this right to amend. Fed. R. Civ. P. 15(a).

### B. Plaintiff's Motion for Leave to File Supplemental Complaint

On October 16, 2006, plaintiff filed his second motion seeking leave to supplement his complaint and submitted a proposed supplement. Plaintiff seeks to add a claim against Lisa Smith and a claim against Correctional Officer T. Valles.

### 1. Addition of Claim Against Defendant Smith

Plaintiff's motion for leave to file a supplemental pleading to add a claim against Lisa Smith must be denied for two reasons. First, pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur *prior* to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those

remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth, 532 U.S. at 741.

In light of section 1997e(a), plaintiff may not add a new claim that arose *after* this suit was filed. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15 "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Plaintiff filed this action on August 14, 2006, and the event giving rise to his claim against defendant Smith did not occur until September 6, 2006. Allowing plaintiff to pursue the claim against defendant Smith in this action would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

Second, defendant Smith's decision to screen out plaintiff's inmate appeal as a request rather than an appeal does not give rise to a claim for relief under section 1983. (Supp. Comp., Exhibit 1.) Despite plaintiff's assertion to the contrary, he does not have a constitutionally protected right to have his appeal processed. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Likewise, plaintiff's allegations do not

give rise to a claim under the Eighth Amendment or the Equal Protection Clause.  <u>Rhodes</u>, 452 U.S. at 347; <u>Village of Willowbrook</u>, 528 U.S. at 564.

2.   Addition of Claim Against Defendant Valles

Plaintiff alleges that Valles retaliated against him on January 1, 2006, when Valles confiscated and destroyed plaintiff's two statues constructed of paper and bread.  Plaintiff alleges that Valles retaliated against him because of his pursuit of civil suits against Valles' co-workers.  These allegations are sufficient to state a claim for relief against Valles under section 1983 for retaliation.  However, they do not support claims for relief for violation of the Eighth and Fourteenth Amendments, as plaintiff asserts.  The destruction of plaintiff's two statues does not constitute cruel and unusual punishment and any assertion to the contrary is frivolous.  <u>Rhodes</u>, 452 U.S. at 347.  Further, the unauthorized destruction of personal property such is at issue here does not violate the procedural Due Process Clause, as plaintiff has remedies available under state law.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984).

Rule 15(d) provides that "upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading *setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented*."  Fed. R. Civ. P. 15(d) (emphasis added).  Plaintiff's claim against Valles accrued before plaintiff filed this suit.  Therefore, plaintiff's reliance on Rule 15(d) to supplement is misplaced and his motion shall be denied.  If plaintiff wishes to add a retaliation claim against defendant Valles, he must file an amended complaint that is complete within itself.  Local Rule 15-220.

C.   Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed August 14, 2006, is dismissed for failure to state any claims upon which relief may be granted under section 1983;

2. Plaintiff's motion seeking leave to file a supplemental complaint, filed October 16, 2006, is DENIED;

///

3. Plaintiff is GRANTED **thirty (30) days** from the date of service of this order within which to file an amended complaint as a matter of right under Rule 15(a);

4. If plaintiff fails to file an amended complaint within thirty days, this action shall be dismissed, with prejudice, for failure to state any claims upon which relief may be granted under section 1983; and

5. The Clerk's Office shall (1) send plaintiff a section 1983 complaint form; (2) scan plaintiff's entire proposed supplemental complaint lodged on October 16, 2006, to make complete the court's record, and (3) return the original proposed supplemental complaint to plaintiff.

IT IS SO ORDERED.

**Dated:   October 24, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE