1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  | FRANCIS W. DAVIS,                          CASE NO. 1:06-cv-01062-AWI-NEW (DLB) PC

10 |                 Plaintiff,                 FINDINGS AND RECOMMENDATIONS
   |                                            RECOMMENDING DISMISSAL OF CERTAIN
11 |        v.                                  CLAIMS, WITH PREJUDICE

12 | CALIFORNIA DEPARTMENT OF                   (Doc. 15)
   | CORRECTIONS CORRECTIONAL
13 | OFFICER PETERSON,

14 |                 Defendant.
   |                                        /

15

16 I.        Findings and Recommendations Following Screening of Amended Complaint

17           A.       Screening Requirement

18           Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma

19 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August

20 14, 2006.  On October 24, 2006, the court dismissed plaintiff's complaint, with leave to amend, for

21 failure to state any claims upon which relief may be granted.  Plaintiff filed an amended complaint

22 on November 16, 2006.

23           The court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3           "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5   506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and

6   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8   grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only

9   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10  the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether

11  the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of

12  the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13  353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15  opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16  2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights

18  complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19  Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20  266, 268 (9th Cir. 1982)).

21          B.      Plaintiff's Claims

22          Plaintiff is a state prisoner housed at the California Substance Abuse Treatment Facility and

23  State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff names

24  Peterson and T. Valles as defendants, and is seeking money damages and an injunction mandating

25  that he be allowed to make statues.

26                  1.      Claims Against Defendant Peterson

27          Plaintiff alleges that on May 30, 2005, defendant Peterson punished him by confining him

28  to quarters for failing to report to work. Plaintiff alleges that he was punished for violating a prison

2

1  rule before even being charged with violating a prison rule, and that defendant was not permitted

2  under the applicable regulations to confine him to quarters for failing to report to work.  Plaintiff

3  alleges defendant's action constituted retaliation, and a violation of the Cruel and Unusual

4  Punishments Clause of the Eighth Amendment and the Due Process and Equal Protection Clauses

5  of the Fourteenth Amendment.

6                                    a.        Retaliation

7        Plaintiff alleges that defendant confined him to quarters in retaliation for the grievance and

8  lawsuit he filed against Correctional Officers Clark and Williams, and when he questioned defendant

9  about confining him to quarters, defendant stated, "That's a little getback for Clark and Williams."

10  (Doc. 15, 6:1.)

11        Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition

12  the government may support a section 1983 claim.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

13  1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65

14  F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment

15  retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action

16  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

17  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance

18  a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).  An

19  allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is

20  sufficient to support claim under section 1983.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

21        Plaintiff's allegations give rise to a claim for relief under section 1983 against defendant

22  Peterson for retaliation.  Fed. R. Civ. P. 8(a).

23                                    b.        Cruel and Unusual Punishments Clause

24        Plaintiff alleges that defendant Peterson "harbored the malicious intent to harass and oppress"

25  him, in violation of the Eighth Amendment.  (Doc. 15, 7:14.)

26        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

27  conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman,

28  452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

3

1    must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

2    Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

3    1246 (9th Cir. 1982).   Where a prisoner alleges injuries stemming from unsafe conditions of

4    confinement, prison officials may be held liable only if they acted with "deliberate indifference to

5    a substantial risk of serious harm."   Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6         The deliberate indifference standard involves an objective and a subjective prong.  First, the

7    alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511

8    U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official

9    must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S.

10   at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

11   conditions of confinement only if he knows that inmates face a substantial risk of harm and

12   disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

13        "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-

14   confinement claim."  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citation omitted).  "Because

15   routine discomfort is part of the penalty that criminal offenders pay for their offenses against society,

16   only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

17   grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

18        Plaintiff's claim that confinement to quarters on May 30, 2005, constituted cruel and unusual

19   punishment in violation of the Eighth Amendment is without merit.  Plaintiff is a convicted prisoner

20   and the decision of defendant Peterson to confine him to his cell on May 30, 2005, does not rise to

21   the level of an Eighth Amendment violation.

22                        c.      Due Process Clause

23        Plaintiff alleges that defendant Peterson accused him of breaking a rule he did not break and

24   punished him without due process of law.

25        The Due Process Clause protects against the deprivation of liberty without due process of

26   law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

27   Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

28   protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

1  law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself does not

2  confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

3  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the

4  existence of a liberty interest created by prison regulations is determined by focusing on the nature

5  of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state

6  law are "generally limited to freedom from restraint which . . . imposes atypical and significant

7  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515

8  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

9       Plaintiff does not have a liberty interest in avoiding confinement to quarters, as the

10  deprivation complained of does not rise to the level of atypical and significant hardship. Sandin, 515

11  U.S. at 484, 115 S.Ct. at 2300; Myron, 476 F.3d at 718; see also May v. Baldwin, 109 F.3d 557, 565

12  (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in

13  freedom from state action taken within sentence imposed and administrative segregation falls within

14  the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v.

15  Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within

16  range of confinement normally expected by inmates in relation to ordinary incidents of prison life

17  and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU)

18  (quotations omitted). Without establishing the existence of a protected liberty interest, plaintiff may

19  not pursue a claim based on denial of procedural due process. Accordingly, plaintiff's due process

20  claim fails as a matter of law.

21                    d.       Equal Protection Clause

22       Plaintiff was in the A1A privilege group, and alleges he should have been allowed to

23  participate in day room activities with the rest of the group. Plaintiff alleges that because other

24  inmates who were not on "C status" were allowed day room privileges, he was discriminated against

25  in violation of the Equal Protection Clause.[1]

26  ///

27  _____

28       [1] "C status" inmates have broken prison rules and are being punished, and may be confined to quarters during day room time. (Doc. 15, 8:17-19.)

1  "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

2  should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

3  Plyler v. Doe, 457 U.S. 202, 216 (1982)).  "'To state a claim under 42 U.S.C. § 1983 for a violation

4  of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

5  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

6  membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

7  (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

8  means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

9  Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

10 1404 (9th Cir. 1994)) (emphasis in original).

11     Plaintiff's amended complaint is devoid of facts supporting a claim that defendant Peterson

12 intentionally discriminated against him based on his membership in a protected class by treating him

13 differently than other similarly situated inmates.  Inmates in privilege group A1A do not form a

14 protected group.  Plaintiff's claim fails as a matter of law.

15                    2.     Claims Against Defendant Valles

16     Plaintiff alleges that on January 12, 2006, defendant Valles searched his cell, and confiscated

17 and destroyed two recycled art statues made from paper and bread.  Plaintiff alleges that the prison

18 was on lock-down at the time and staff had been ordered to search every cell.

19                         a.     Retaliation

20     Plaintiff alleges that defendant Valles destroyed his two statues in retaliation for the

21 grievance and lawsuit plaintiff filed against Correctional Officers Williams and Clark.  This is

22 sufficient to state a claim under section 1983 against defendant Valles for retaliation.

23                    b.     Cruel and Unusual Punishment Clause

24     Plaintiff alleges that defendant Valles' action violated his rights under the Eighth

25 Amendment.  Plaintiff's claim is baseless.  The destruction of plaintiff's personal property in the

26 form of two statues, even if done intentionally and without justification, is not an "extreme

27 deprivation" rising to the level of an Eighth Amendment violation. Hudson, 503 U.S. at 9.

28 ///

1  Likewise, plaintiff's allegation that his cell was searched on January 12, 2006, does not provide any

2  basis upon which to impose liability for violation of the Eighth Amendment.

3                      c.          Due Process Clause

4       Plaintiff alleges that the confiscation and destruction of his statutes violated his right to due

5  process.

6       The Due Process Clause protects prisoners from being deprived of property without due

7  process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected

8  interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However,

9  while an authorized, intentional deprivation of property is actionable under the Due Process Clause,

10 see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455

11 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized

12 intentional deprivation of property by a state employee does not constitute a violation of the

13 procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

14 postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

15      Despite plaintiff's attempt to argue otherwise, the destruction of his property by defendant

16 Valles was not "authorized" within the meaning of due process jurisprudence.  Plaintiff fails to state

17 a claim for violation of the Due Process Clause.

18                      d.          Equal Protection Clause

19      Although plaintiff alleges an equal protection claim against defendant Valles, plaintiff's

20 amended complaint is devoid of any facts supporting a claim that defendant intentionally

21 discriminated against him based on his membership in a protected class by treating him differently

22 than other similarly situated inmates.

23              3.          Violation of Penal Code 147

24      In his amended complaint, plaintiff alleges that both defendants violated California Penal

25 Code section 147, which sets forth the punishment for officers guilty of willful inhumanity or

26 oppression toward prisoners.

27      A private right of action under a criminal statute has rarely been implied.  Chrysler Corp. v.

28 Brown, 441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at

1   least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'"

2   Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)).  The court has

3   reviewed the penal statute in question and there is no indication that civil enforcement of any kind

4   is available to plaintiff.  Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian

5   Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984).  Accordingly, plaintiff fails to state a

6   claims upon which relief may be granted under state law based on the alleged violation of section

7   147.

8                   4.      Claim for Injunctive Relief

9           18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action

10  with respect to prison conditions shall extend no further than necessary to correct the violation of

11  the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any

12  prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

13  necessary to correct the violation of the Federal right, and is the least intrusive means necessary to

14  correct the violation of the Federal right."

15          Assuming plaintiff prevails in this action, plaintiff is not entitled to an order mandating that

16  he be allowed to make statues.  Plaintiff is proceeding on claims arising from the past actions of

17  defendants Peterson and Valles, and the order sought by plaintiff would not serve to correct the

18  violations which allegedly resulted from defendants' actions.

19          C.      Conclusion

20          Plaintiff's amended complaint states cognizable claims for relief against defendants Peterson

21  and Valles under section 1983 for retaliation, in violation of the First Amendment.  However,

22  plaintiff's amended complaint does not state any other cognizable claims for relief.  Plaintiff was

23  previously given leave to amend, and the deficiencies in his claims are not capable of being cured.

24  Accordingly, it is HEREBY RECOMMENDED that:

25          1.      This action proceed on plaintiff's amended complaint, filed November 16, 2006,

26                  against defendants Peterson and Valles for retaliation;

27          2.      Plaintiff's Eighth Amendment, due process, and equal protection claims against

28                  defendant Peterson be dismissed, with prejudice, for failure to state a claim;

3.    Plaintiff's Eighth Amendment, due process, and equal protection claims against defendant Valles be dismissed, with prejudice, for failure to state a claim;

4.    Plaintiff's claim for violation of Penal Code section 147 be dismissed, with prejudice, for failure to state a claim; and

5.    Plaintiff's claim for an order mandating he be allowed to make statues be dismissed and this action proceed as one for damages only.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **April 10, 2007**                          **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE