UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　　Plaintiff,<br>vs.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PETERSON, et al.,<br><br>　　　　　　Defendants.　　　　／ | 1:06-cv-01062-AWI-NEW (DLB) PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART**<br>(Doc. 17)<br><br>**ORDER DISMISSING CERTAIN CLAIMS WITH PREJUDICE** |

　　　　Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　　On April 10, 2007, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's Eighth Amendment, due process, equal protection, violation of Penal Code § 147, and injunction claims be dismissed and that this action proceed on Plaintiff's retaliation claims.  The Findings and Recommendation were served on Plaintiff and contained notice to Plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days.

　　　　On May 9, 2007, Plaintiff filed an Objection to the Findings and Recommendations.

1   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305,
2 this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file,
3 the Court finds the Findings and Recommendations to be supported by the record and by proper
4 analysis with one exception.

5   In the objections, Plaintiff agrees with some of the Magistrate Judge's analysis and
6 findings.   However, Plaintiff contends that the Magistrate Judge erred in recommending the
7 Court dismiss Plaintiff's due process claims.   In these claims, Plaintiff contends that he was
8 confined to his cell without any procedural due process.  As explained by the Magistrate Judge,
9 the threshold requirement to a procedural due process claim is the plaintiff's showing of a liberty
10 or property interest protected by the Constitution.   Board of Regents v. Roth, 408 U.S. 564, 569
11 (1972);  Dittman v. California, 191 F.3d 1020, 1029 (9th Cir. 1999);  Wedges/Ledges of Cal., Inc.
12 v. City of Phoenix, 24 F.3d 56, 62 (9th Cir. 1994).   In the prison context, actions that impose
13 "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
14 life" require due process protections prior to the action.   Sandin v. Conner, 515 U.S. 472, 484
15 (1995).  In determining if segregation is an "atypical and significant hardship" the Court in
16 Sandin compared the conditions of disciplinary segregation in the prison system to those imposed
17 on other inmates in analogous discretionary confinement settings, namely administrative
18 segregation and protective  custody.  Sandin, 515 U.S. at 486.

19   The court agrees with the Magistrate Judge that Plaintiff's allegations that he was
20 confined to his cell for a matter of days is not an "atypical and significant deprivation" giving rise
21 to a liberty interest.   See Sandin, 515 U.S. at 483-84 (placement in segregation for 30 days did
22 not give rise to a liberty interest); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); (no liberty
23 interest in remaining free from placement in administrative segregation);  Mujahid v. Meyer, 59
24 F.3d 931, 932 (9th Cir. 1995) (despite prior case law determining disciplinary regulations created
25 liberty interest, under Sandin no liberty interest when inmate placed in disciplinary segregation
26 for fourteen days); Hunt v. McKay, 2007 WL 642938, *5 (E.D.Cal. 2007) (finding that
27 confinement to a cell and deprivation of commissary, recreation, and visitation privileges for a
28 period of 12 days is not atypical in relation to the ordinary incidents of prison life); George v.

1  Lamey, 2007 WL 118912, *2(D.Mont. 2007) (finding 15 days confinement to cell
2  constitutionally insignificant under Sandin).  Thus, Plaintiff's procedural due process claims
3  must be dismissed.
4       Plaintiff also contends that he has sufficiently alleged equal protection violations.   The
5  Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of
6  Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim
7  may be established in two ways.   First, a plaintiff establishes an equal protection claim by
8  showing that the defendant has intentionally discriminated on the basis of the plaintiff's
9  membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th
10 Cir.2001).  Under this theory of equal protection, the plaintiff must show that the defendants'
11 actions were a result of the plaintiff's membership in a suspect class, such as race.   Thornton v.
12 City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).    Assuming that Plaintiff sought to allege
13 an equal protection claim under this theory, the Magistrate Judge found that the complaint failed
14 to allege Plaintiff was treated differently based on his membership in a protected class.    The
15 court agrees.   However, there is a second way to establish an equal protection violation not
16 addressed by the Magistrate Judge.
17      If the action in question does not involve a suspect classification, a plaintiff may establish
18 an equal protection claim by showing that similarly situated individuals were intentionally treated
19 differently without a rational relationship to a legitimate state purpose.  Village of Willowbrook
20 v. Olech, 528 U.S. 562, 564 (2000); See San Antonio School District v. Rodriguez, 411 U.S. 1
21 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver
22 Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal
23 protection claim under this theory, a plaintiff must allege that:  (1) the plaintiff is a member of an
24 identifiable class; (2) the plaintiff was intentionally treated differently from others similarly
25 situated; and (3) there is no rational basis for the difference in treatment. Village of
26 Willowbrook, 528 U.S. at 564.   If an equal protection claim is based upon the defendant's
27 selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement
28 is based upon an "impermissible motive." Squaw Valley,  375 F.3d at 944; Freeman v. City of

1 | Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

2 |     Under Rule 8's pleading standards, the complaint state a claim for an equal protection violation under this theory.  The complaint alleges that Plaintiff, along with other inmates, was given an AIA classification.   The complaint alleges that Plaintiff was similarly situated to other inmates with an AIA classification.  The complaint alleges that Plaintiff was confined to his cell while other inmates were allowed to go to the day room and have other privileges.   The complaint alleges that there was no rational basis to confine Plaintiff to his cell.   The complaint alleges that Defendants' confined him to his cell based on an impermissible motive – retaliation.  Ultimately the evidence may show that Plaintiff was not similarly situated to other inmates with an AIA classification because he was being charged with an offense.   In addition, the evidence my eventually show that Defendants had a rational basis to confine Plaintiff to his cell.  However, at this stage of the proceedings the complaint is sufficient to meet Rule 8(a)'s "short and plain statement of the claim" requirement.  See  Fed.R.Civ.P. 8(a)(2).   The complaint's allegations are sufficient to provide Defendants with fair notice of the equal protection claim against them.  See Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001);  Lynn v. Sheet Metal Workers' Intern. Ass'n,  804 F.2d 1472, 1482 (9th Cir. 1986).  It is not clear "that no relief could be granted under any set of facts that could be proved consistent with [Plaintiff's equal protection] allegations."  See  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  Thus, this action may proceed on Plaintiff's equal protection claims.

    Accordingly, IT IS HEREBY ORDERED that:

1.     The Findings and Recommendations, filed April 10, 2007, are ADOPTED IN PART;

2.     This action shall proceed on Plaintiff's amended complaint, filed November 16, 2006, against Defendants Peterson and Valles for retaliation and equal protection violations;

3.     Plaintiff's Eighth Amendment and due process claims against Defendant Peterson and Defendant Valles are DISMISSED, with prejudice, for failure to state a claim;

4. Plaintiff's claim for a violation of Penal Code § 147 is DISMISSED, with prejudice, for failure to state a claim;

5. Plaintiff's claim for an order mandating he be allowed to make statues is DISMISSED;

6. This action SHALL proceed as one for damages only; and

7. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 30, 2007**                    /s/ Anthony W. Ishii
                                         UNITED STATES DISTRICT JUDGE