# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>           Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS CORRECTIONAL<br>OFFICER PETERSON,<br><br>           Defendant. | CASE NO. 1:06-cv-01062-AWI-GSA PC<br><br>ORDER DENYING PLAINTIFF'S MOTION<br>FOR CORRECTION OF ERROR AND FOR<br>LEAVE TO PROCEED ON DUE PROCESS<br>CLAIM AGAINST DEFENDANT VALLES<br>FOR DEPRIVATION OF PROPERTY<br><br>(Doc. 29) |

   Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On July 2, 2007, the Court issued an order adopting in part the Magistrate Judge's Findings and Recommendations, allowing this action to proceed on plaintiff's retaliation and equal protection claims against defendants Valles and Peterson, and dismissing plaintiff's other claims. (Doc. 19.)  On September 24, 2007, plaintiff filed a motion contending that the Court erred in reviewing plaintiff's due process claim against defendant Valles as one for deprivation of a liberty interest rather than a property interest and requesting that he be allowed to proceed against defendant Valles on his claim that he was deprived of his property without due process of law.  For the foregoing reasons, plaintiff's motion is without merit and is denied.

   In a Findings and Recommendations, the Magistrate Judge analyzed plaintiff's due process claim against defendant Valles as one for deprivation of property without due process of law and recommended that it be dismissed with prejudice for failure to state a claim.  (Doc. 17, 7:3-17.)

Plaintiff's claim against defendant Peterson was analyzed as one for deprivation of a protected liberty interest without due process of law, and the Magistrate Judge recommended that the claim be dismissed with prejudice. (Doc. 17, 4:22-5:20).

In the Court's order addressing the Findings and Recommendations, the Court adopted in full the Magistrate Judge's recommendations that plaintiff's due process claims be dismissed, with prejudice. The only portion of the Findings and Recommendations the Court declined to adopt was the recommendation that plaintiff's equal protection claims be dismissed. (Docs. 17, 8:25-26; Doc. 19, 4:21-25.) Although the Court did not specifically set forth a detailed analysis on plaintiff's property claim as it did with plaintiff's liberty interest claim, the property claim is not cognizable under section 1983 for the reasons set forth by the Magistrate Judge and the claim was dismissed by Court, with prejudice.[1]

Plaintiff's motion for leave to proceed with his due process property claim against defendant Valles on the ground that it was dismissed in error, filed September 24, 2007, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   March 7, 2008**               /s/ Anthony W. Ishii
                                          UNITED STATES DISTRICT JUDGE

---

[1] The intentional, malicious, retaliatory destruction of personal property by an officer does not give rise to a claim for relief under section 1983 for violation of the Due Process Clause. Hudson v. Palmer, 468 U.S. 517, 533 (1984). (Doc. 18, Obj., 7:22-24.)

2