1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS, | CASE NO. 1:06-cv-01062-AWI-GSA PC |
| Plaintiff, | ORDER DIRECTING DEFENDANT VALLES TO SERVE RESPONSE TO NUMBER 9 AS |
| v. | REDRAFTED BY THE COURT AND DENYING PLAINTIFF'S MOTION TO COMPEL AS TO ALL OTHER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PETERSON, | INTERROGATORIES |
| | (Doc. 43) |
| Defendant. | |
| _____/ | |

### Order on Plaintiff's Motion to Compel

Plaintiff Francis W. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendants Peterson and Valles for retaliating against Plaintiff in violation of the First Amendment and for denial of equal protection in violation of the Fourteenth Amendment. On April 14, 2008, Plaintiff filed a motion to compel. Defendants filed a response on May 1, 2008, and Plaintiff filed a reply on May 19, 2008.

Plaintiff's claim arise from the following events. On May 30, 2005, Defendant Peterson punished him by confining him to quarters for failing to report to work. Plaintiff alleges that Defendant Peterson confined him to quarters in retaliation for the grievance and lawsuit he filed against Correctional Officers Clark and Williams. Plaintiff further alleges that he was in the A1A privilege group, and he should have been allowed to participate in day room activities with the rest

///

1

of the group.  Plaintiff alleges that because other inmates who were not on "C status" were allowed day room privileges, he was discriminated against in violation of the Equal Protection Clause.

Plaintiff alleges that on January 12, 2006, Defendant Valles searched his cell, and confiscated and destroyed two recycled art statues made from paper and bread.  Plaintiff alleges that the prison was on lock-down at the time and staff had been ordered to search every cell.  Plaintiff alleges that Defendant Valles destroyed his two statues in retaliation for the grievance and lawsuit Plaintiff filed against Correctional Officers Williams and Clark.

Plaintiff is entitled to seek discovery of any nonprivileged matter that is relevant to his claims.  Fed. R. Civ. P. 26(b)(1).  The discovery sought may include information that is not admissible as long as it appears reasonably calculated to lead to the discovery of admissible evidence.  Id.  If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

In this instance, Defendants properly oppose Plaintiff's motion on the ground that Plaintiff failed to meet his burden as the moving party.  However, having reviewed the motion and attached interrogatories, the Court exercises its discretion to resolve the motion in spite of its deficiencies.

**I.    Valles Interrogatories**

**ROG 7:** "There is an African American c/o Williams and a Caucasian c/o Williams working on D-yard of the prison . . . which one of the c/o Williams' is plaintiff accusing you of retaliating against him for?"

**Ruling:** Plaintiff's motion to compel a response is denied.  As framed, this interrogatory does not appear to be directed at obtaining evidence relevant to Plaintiff's claims, and Plaintiff has made no showing to the contrary in his motion.

**ROG 9:** "Did it upset you that plaintiff filed a non-frivolous civil action against your co-workers c/o Clark and C/O Williams?"

///

**Ruling:** Defendant's objection to the interrogatory as framed is sustained.  Defendant is directed to respond to the following interrogatory:  "Did it upset you that Plaintiff filed a civil action against your co-workers C/O Clark and C/O Williams?"

**ROG 10:** "Has a non-frivolous civil action ever been filed against you by an inmate?"

**Ruling: Defendant's** objection sustained.  Plaintiff has made no showing as to relevance and the interrogatory is ambiguous as to "non-frivolous."

**ROG 11:** "Can you Advice plaintiff of each and every false statement he made against you in the complaint?"

**Ruling:** Defendant's objection is sustained.  The interrogatory is incomprehensible as framed.

**ROG 12:** "You claim in 'Defendant's Answer; Demand for Jury Trial' on page 3, line 19 that 'plaintiff's own conduct contributed to his damages.'  So you do admit that plaintiff suffered damages?"

**Ruling:** Defendant's objection is sustained.  This is not a proper interrogatory as framed.

**ROG 13:** "When a correctional officer's life is threatened by an inmate or inmates, is it possible that the officer Contributed to his own hardship by being a vindictive, mean and retaliating officer?"

**Ruling:** Defendant's objection is sustained.  This interrogatory does not appear to be relevant, and it is argumentative as framed.

**ROG 14:** "Wasn't c/o Williams' life recently threatened in the month of November 2007?"

**Ruling:** Defendant's objection is sustained.  This interrogatory does not appear relevant.

**ROG 16:** "Plaintiff has had eight (8) unrecorded fights, because of your co-workers, please see paged 55, lines 20-27 of the Complaint . . . do you approve of the way they had plaintiff targeted by other inmates?

**Ruling:** Defendant's objection is sustained.  As framed, this interrogatory does not appear to seek information relevant to Plaintiff's claims in this action.

**ROG 19:** "Have you corrected your retaliating ways since destroying plaintiff's statues, or have you did the same to another inmate since then?"

**Ruling:** Defendant's objection is sustained.  This interrogatory is argumentative and assumes as true facts that are in dispute.

**ROG 20:** "Do you consider it 'poetic justice' when a sex offender or child abuser is attacked by officers and/or inmates?"

**Ruling:** Defendant's objection is sustained. This interrogatory does not appear to be seeking relevant evidence, and is ambiguous as to poetic justice.

**ROG 22:** "If it was your choice alone would you want a trial by Judge, or trial by jury?"

**Ruling:** Defendant's objection is sustained. This is an improper interrogatory seeking information not relevant to Plaintiff's claims.

**ROG 23:** "Do you want to settle this civil action out of court?"

**Ruling:** Defendant's objection is sustained. This is an improper interrogatory seeking information not relevant to Plaintiff's claims.

**ROG 24:** "Due to c/o Williams, c/o Clark, and your actions against plaintiff, shouldn't the damages awarded to plaintiff be aggravated damages?"

**Ruling:** Defendant's objection is sustained. This is an improper interrogatory seeking information not relevant to Plaintiff's claims. It also assumes the violation of Plaintiff's rights by Defendant, an issue which is in dispute.

**ROG 25:** "Without any input from your attorney, what do you consider a fair settlement offer to plaintiff (the dollar amount)? A) Compensation, B) Punitive, C) Other."

**Ruling:** Defendant's objection is sustained. This interrogatory does not seek evidence relevant to Plaintiff's claims.

**II.**      **Peterson Interrogatories**

**ROG 1:** Motion to compel denied. See Valles ROG 7.

**ROG 6:** Motion to compel denied. See Valles ROG 12.

**ROG 7:** Motion to compel denied. See Valles ROG 13.

**ROG 8:** Motion to compel denied. See Valles ROG 14.

**ROG 11**: "Have you corrected your ways since confining plaintiff to his quarters, or have you did the same thing to another inmate since then?"

**Ruling:** Defendant's objection is sustained. The interrogatory is argumentative and assumes as true facts which are in dispute.

**ROG 12:** "Is plaintiff mitigates his damages, does that make you less guilty, or does it mean plaintiff should request less money for his damages?"

**Ruling:** Defendant's objection is sustained.  This is not a proper interrogatory.

**ROG 13:** "Should the discrimination, harassment & retaliation on numerous occasions by your co-workers listed in 'Declaration of Plaintiff' (pages 55-56 of Complaint) raise damages suffered by plaintiff to an aggravated level?

**Ruling:** Defendant's objection is sustained.  This is not a proper interrogatory.

**ROG 14:** "When you, in your official capacity abide the rules & regulations of the Title 15 does it guarantee plaintiff the right to 'Duce Process of the law?'"

**Ruling:** Defendant's objection is sustained.  The interrogatory is not comprehensible, seeks a legal opinion beyond the scope of what is permissible, and does not seek evidence relevant to Plaintiff's claims.

**ROG 15:** "Do you have the right to punish an inmate without benefit of a disciplinary hearing?"
Ruling: Defendant's objection is sustained.

**ROG 17:** Motion to compel denied.  See Valles ROG 16.

**ROG 18:** "Shouldn't inmates that were convicted of sex crime have a prison yard for them & child abusers only to prevent the violence against them?"

**Ruling:** Defendant's objection is sustained.  This interrogatory seeks information irrelevant to Plaintiff's claims.

**ROG 19:** Motion to compel denied.  See Valles ROG 20.

**ROG 20:** "Why did you stop working in the building after you confined plaintiff to quarters illegally?"

**Ruling:** Defendant's objection is sustained.  As framed, this interrogatory assumes as true facts which are in dispute.  Further, it does not appear seek evidence relevant to Plaintiff's claims.

**ROG 21:** Motion to compel denied.  See Valles ROG 22.

**ROG 22:** Motion to compel denied.  See Valles ROG 23.

**ROG 23:** Motion to compel denied.  See Valles ROG 24.

///

**ROG 24:** "Shouldn't defendant T. Valle's actions against plaintiff aggravate the damages awarded to plaintiff also?"

**Ruling:** Defendant's objection is sustained.  This interrogatory does not seek evidence relevant to Plaintiff's claims.

**ROG 25:** Motion to compel denied.  See Valles ROG 25.

**III.    Order**

    The Court has considered Plaintiff's motion to compel on the merits and HEREBY DIRECTS Defendant Valles to serve a response to interrogatory number 9 as redrafted by the Court. Plaintiff's motion to compel is DENIED as to all other interrogatories.

IT IS SO ORDERED.

**Dated:**   **July 7, 2008**                **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE